VANZI, Judge (dissenting) Defendant has argued in the district court and on appeal that the systematic and complete exclusion of Spanish-only speakers from the panels from which her petit jury was drawn violated her right to a venire that represented a cross-section of the community. The jury clerk for the Ninth Judicial District testified that she intentionally manipulated the jury venire to ensure that all Spanish-only speakers were placed on a single separate panel in order to save the costs of hiring additional interpreters. This practice of segregating Spanish-speaking venire members potentially violates the sixth amendment to the United States Constitution, Article II, Section 14 of the New Mexico Constitution, and Section 38-5-11(A) (“The court shall empanel jurors in a random manner.”). Given the nature of the rights at stake of both a prospective juror’s right to serve and a criminal defendant’s right to a fair and impartial jury, I cannot join in ¶¶ 14-19 of the majority’s Opinion. I am fully aware of the importance of ensuring that litigants adequately brief relevant issues on appeal. However, this concern should not prevent review of an alleged constitutional violation that the majority itself recognizes is a “miscarriage” of judicial responsibility that “borders on the egregious.” Majority Op. ¶ 18. I also believe that Defendant’s briefing is adequate. Defendant argues that Article II, Section 14 of the New Mexico Constitution provides greater protection than its federal counterpart. Defendant cites Aragon, which adopted California’s “Wheeler Doctrine,” extending the state constitution’s fair cross-section guarantee to prevent prosecutors from using racially discriminatory peremptory challenges at the impaneling stage. 1989-NMSC-077, ¶¶ 21-23; see State v. Gonzales, 1991-NMCA-007, ¶ 34, 111 N.M. 590, 808 P.2d 40 (holding that the same rationale applies to prevent discrimination on the basis of gender). In Aragon, our Supreme Court departed from federal cross-section precedent, reasoning that “the state should not be able to accomplish indirectly at the selection of the petit jury what it has not been able to accomplish directly at the selection of the venire.” 1989-NMSC-077, ¶ 23. I interpret Defendant’s argument as an invitation to extend this reasoning to Defendant’s situation, where a court official rather than the State has intentionally manipulated the venire panels to totally exclude Spanish-only speakers from the actual jury. I see no reason why we cannot consider Defendant’s argument. I, like Defendant, find it difficult to distinguish between aprosecutor’s exercise of peremptory challenges to exclude a particular group from the jury panel, and a court official’s ability to unilaterally accomplish the same result. While the standards for measuring the discriminatory use of peremptory strikes may be of no use here, in my view, the majority’s test adopted from Duren seems to be equally out of place.[1] Majority Op. ¶¶ 16-17. The Duren approach focuses on underrepresentation, proven by statistically quantifiable disparity levels between the jury pool and the jury-eligible population, and is unconcerned with the makeup of the actual petit jury panel. See Lockhart v. McCree, 476 U.S. 162, 173 (1986). Requiring Defendant to prove that Spanish-only speakers, who are constitutionally protected in this state, constitute a distinctive group, and requiring Defendant to present census data and other statistical evidence to demonstrate that — at an inclusion rate of zero percent — they are systematically underrepresented, seems to me an exercise in futility that ignores the heart of the issue: Does Article II, Section 14 of the New Mexico Constitution allow a court official to remove all Spanish-only speakers from a jury panel, solely based on their language, when a prosecutor likely cannot? Even if the Duren approach applies, I disagree with the majority’s statement that applying the test and ruling on the issue would deprive the State of an opportunity to advance its interest in continued exclusion. The State articulated its interest in a written response and at a hearing on Defendant’s motion for a new trial. I do not believe that economic concerns, leave alone unsubstantiated ones, can justify the Ninth Judicial District’s practice of systematically stacking its jury panels — a practice that appears to remain in effect today. I respectfully dissent. LINDA M. VANZI, Judge I also note that we applied this test in Casillas only because the defendant in that case did not preserve an argument that the state constitution was violated. 2009-NMCA-034, ¶ 11. Defendant here has preserved her argument under Article n, Section 14 of the New Mexico Constitution.